IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES C. GAINES,

    Petitioner,                    No. 2:10-cv-1716 FCD KJN P

   vs.

M.D. McDONALD, Warden,

    Respondent.                ORDER

_____/

        Petitioner has requested the appointment of counsel.  There is no absolute right to appointed counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, a district court may appoint counsel for a financially eligible person seeking relief pursuant to 28 U.S.C. § 2254 where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).[1]  "Indigent state prisoners applying for habeas corpus relief are not entitled to

---

[1] More generally,

> [i]n proceedings in forma pauperis, the district court 'may request an attorney to represent any person unable to afford counsel.' 28 U.S.C. § 1915(e)(1).  The decision to appoint such counsel is within 'the sound discretion of the trial court and is granted only in exceptional circumstances.' Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the petitioner's ability to articulate his claims 'in light of the complexity of the legal issues involved.' Wilborn v. Escalderon, 789 F.2d 1328,

appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted).

Petitioner contends that because he only has a ninth grade education, and his case has merit, he should be appointed counsel.

The court finds, at the present time, that appointment of counsel is not warranted. The issues appear to have been well articulated in the briefing. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that petitioner's October 4, 2010 motion for appointment of counsel is denied.

DATED: October 7, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gain1716.110(2)

---

1331 (9th Cir. 1986) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).

Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn, supra, 789 F.2d at 1331 (fn. omitted); see also, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).